UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

GSC LOGISTICS, INC.,

                         Plaintiff,

           - against -

AMAZON.COM SERVICES LLC and
AMAZON LOGISTICS, INC.,

                      Defendants.

------------------------------------------------------------- x

:
:
:
:
:
:
:
:
:
:
:

Civil Action No.: 1:23-cv-05368

**CONFIDENTIALITY
STIPULATION AND PROPOSED
PROTECTIVE ORDER**

      **WHEREAS**, Plaintiff GSC Logistics, Inc. ("Plaintiff" or "GSC") and Defendants Amazon.com Services LLC and Amazon Logistics, Inc. (collectively, "Defendants") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailed confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

      **ORDERED** that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the discovery proceedings in this action:

      1.     The parties may designate any document, thing, material, testimony or other information derived therefrom, in whole or in part, as "Confidential" under the terms of this Protective Order (hereinafter "Order"). The person producing Discovery Material may designate as "Confidential" any portion thereof that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others. Where the confidential portion is reasonably separable

from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated.

2.     By designating a document, thing, material, testimony or other information derived therefrom, in whole or in part, as "Confidential" under the terms of this Order, the party making the designation is certifying to the Court that there is a good faith basis in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

3.     Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage documents shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

4.     Testimony taken at a deposition may be designated as confidential by making a statement to that effect on the record at the deposition in the manner described in paragraphs 2 and 3 above. Arrangements shall be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

5.     Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

6.     Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

        (a)     a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

2

(b)     experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

(c)     court reporter(s) employed in this action;

(d)     a witness at any deposition or other proceeding in this action; and

(e)     any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

7.     Only qualified persons may attend depositions at which Confidential Material is used or discussed.

8.     The parties may further designate certain discovery material or testimony of a highly confidential and/or proprietary nature as "CONFIDENTIAL - ATTORNEY'S EYES ONLY" (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 2 and 3 above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical and secretarial staff employed by such counsel), and to the "qualified persons" listed in subparagraphs 6(b) through (e) above, but shall not be disclosed to a party, or to an officer, director or employee of a party, unless otherwise agreed or ordered. If disclosure of Attorney's Eyes Only Material is made pursuant to this paragraph, all other provisions in this order with respect to confidentiality shall also apply.

9.     Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

10.     Any party wishing to file documents with Confidential Material and/or Attorney's Eyes Only Material with the Court shall seek leave for the documents to be filed either with redactions

in accordance with Rule 5 (d) of Judge Clarke's Individual Rules and Practices in Civil Cases ("Judge Clarke's Individual Rules") or under seal in accordance with Rule 5(e) of Judge Clarke's Individual Rules, as appropriate. All documents filed with the Court will be in accordance with Judge Clarke's Opinion and Order filed on August 4, 2023, ECF No. 20 and this Order.

11.     This Order shall be without prejudice to the right of the parties, subject to the terms set forth at paragraph 13 and its sub-parts below, (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under Fed. R. Civ. P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

12.     The disclosure of a document or information without designating it as "CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Material. If so designated, the document or information shall thenceforth be treated as Confidential Material subject to all the terms of this Order.

13.     Pursuant to Federal Rule of Evidence 502(d), the production of any documents, electronically stored information, or other information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other matter, constitute a waiver by the producing party of any privilege or protection from disclosure applicable to those documents, including the attorney-client privilege, work product protection, common interest privilege, joint defense privilege, and/or any other privilege or protection. This stipulation shall be interpreted to provide the maximum protection allowed under applicable law.

14.     When a producing party gives notice to the receiving party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving

party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) and in accordance with the parties' Stipulation and Order Regarding Discovery Procedure.

       15.     The parties hereto may challenge confidentiality designations made pursuant to provisions herein solely by the terms of this paragraph 15 and its sub-parts.

        (a)    <u>Challenge to Designation</u>. If a Challenging Party (the "Challenging Party") contends that a confidentiality designation was not proper, the Challenging Party may at any time give written notice by way of a letter or email to the Designating Party (the "Designating Party") stating that it is objecting to the confidentiality designation. The Designating Party then has fourteen (14) days from the date of such written notice to apply to the Court in a joint counsel letter consistent with Rule 4(k) of Judge Clarke's Individual Rules for an order specifically designating the Disputed Material (the "Disputed Material") at issue as confidential.  During the aforesaid fourteen (14) day period the Parties shall meet and confer in good faith on the issue of the challenge.  The Designating Party seeking such an order has the burden of establishing good cause for the Disputed Material to be treated as confidential consistent with applicable law.

        (b)    <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Challenging Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

        (c)    <u>Treatment of Disputed Material While A Challenge is Pending</u>. Notwithstanding any challenge to the designation of Disputed Material as confidential, all such Disputed Material must be treated as confidential in accordance with the terms herein until one of the following occurs:

           (i)    the Designating Party withdraws its confidentiality designation in writing;

(ii)     the Designating Party fails to apply to the Court for an order designating the Disputed Material as confidential within the time specified in Paragraph 15(b); or

(iii)    the Court determines that the Disputed Material is not subject to protection as confidential.

16.     This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

17.     This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder. Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof  promptly (an in no event later than thirty (30) days after entry of final judgment no longer subject to further appeal), except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

18.     Nothing herein shall preclude the parties from disclosing Confidential Material if otherwise required by law or pursuant to court order.

SO STIPULATED AND AGREED.

Dated: April 1, 2024                                        Dated: April 1, 2024


WINDELS MARX LANE &                          DAVIS WRIGHT TREMAINE LLP
MITTENDORF, LLP

By: _/S/ Rodman E. Honecker_                    By:___/s/ Rasheed McWilliams_____
      Rodman E. Honecker                              Rasheed McWilliams

156 West 56th Street                                    865 S. Figueroa Street, Ste. 2400
New York, New York 10019                        Los Angeles, CA 90017
(212) 237-1000                                              rasheedmcwilliams@dwt.com
                                           (213) 633-6800 Phone
*Attorneys For Plaintiff*                               (213) 633-6899 Fax
GSC LOGISTICS, INC.

                                           *Attorneys for Defendants*
                                           AMAZON.COM SERVICES LLC and
                                           AMAZON LOGISTICS, INC.


Dated:  April 2, 2024                                      SO ORDERED.
          New York, New York

                                           _Jessica Clarke_

                                HONORABLE JESSICA G. L. CLARKE
                                UNITED STATES DISTRICT JUDGE

**Attachment A**

**<u>Nondisclosure Agreement</u>**

I, _____, do solemnly swear that I am fully familiar

with the terms of the Confidentiality Stipulation and Proposed Protective Order entered in *GSC*

*Logistics, Inc. v. Amazon.com Services LLC et al.*, United States District Court for the Southern

District of New York, Civil Action 1:23-cv-05368, and hereby agree to comply with and be bound

by the terms and conditions of said Order unless and until modified by further Order of the Court.

I hereby consent to the jurisdiction of the Court for purposes of enforcing this nondisclosure

agreement.


DATED:                                                       _____

[Name of Signator Typed]