UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GSC LOGISTICS, INC.,

                      Plaintiff,

-against-

AMAZON.COM SERVICES LLC, et al.,

                      Defendants.

23-CV-5368 (JGLC)

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

       The Court has received and reviewed Plaintiff's request for a protective order regarding certain topics from Defendants' Rule 30(b)(6) notice of GSC, Defendants' request for additional deposition time to conduct GSC's Rule 30(b)(6) deposition, and Defendants' request for a discovery extension to complete fact discovery and depositions. *See* ECF Nos. 77–79. The Court rules as follows.

       First, regarding Topics 6, 15–17, 32, and 37, the Court denies Plaintiff's request for a protective order. These topics are relevant to this case, and Plaintiff fails to demonstrate how an inquiry into these topics would be unduly burdensome or cumulative. The fact that other witnesses who may be relevant to these topics were deposed does not prevent Defendants from covering this topic with Plaintiff's 30(b)(6) witness. *See Dongguk Univ. v. Yale Univ.*, 270 F.R.D. 70, 71 (D. Conn. 2010) ("A party may also have an interest in getting the corporation's testimony on an issue, rather than the testimony of an individual."); *Sabre v. First Dominion Cap., LLC*, No. 01 CIV. 2145 (BSJ)(HBP), 2002 WL 31556379, at *2 (S.D.N.Y. Nov. 15, 2002) ("A 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity . . . [t]hus, the fact that individually named witness have testified concerning a subject is generally no obstacle to a 30(b)(6) deposition on the same

subject.") (internal quotation marks and citations omitted). Furthermore, Plaintiff has not provided any basis or argument in the parties' letters for disputing Topic 37.

With respect to Topics 9, 21, and 30–31, Plaintiff has demonstrated that the topics, as currently articulated, are unduly burdensome. According to Plaintiff, these topics could potentially cover thousands of transactions that occurred during a 13-month period. And even narrowing the topics from 13 months to 25 weeks would still "leave a mountain of material that the witness would have to be prepared on." ECF No. 77 at 2. However, the Court also agrees with Defendants that these topics are highly relevant to the issues in this case. To balance both relevance and undue burden, the Court narrows these topics further to the relevant transactions that occurred during weeks 47–53 of 2022 and weeks 1–5 of 2023. The parties appear to agree that these weeks are critical to Amazon's termination of the parties' contract and GSC's alleged breach.

In light of the number of deposition topics at issue, the Court grants in part Defendants' request for additional time to conduct this deposition. ECF No. 77 at 6–7. The Court permits two (2) additional hours.

The Court also agrees that a short discovery extension is warranted. The Court grants Defendants' requested discovery extension. *See* ECF No. 79-1. The close of fact discovery is now **November 27, 2024**. Expert discovery shall conclude by **February 19, 2025**. Plaintiff's expert disclosures are due **December 26, 2024,** and Defendants' expert disclosures are due **January 23, 2025**. The Court also adjourns the February 13, 2025 case management conference and reschedules it for **February 27, 2025 at 11 a.m.** in Courtroom 11B of the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York. The parties' joint letter under Rules 3(d) and 3(e) of the Court's Individual Rules is due **February 21, 2025.** No further extensions of this schedule will be granted.

The Clerk of Court is directed to terminate ECF Nos. 77 and 79.

Dated: November 13, 2024
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge