UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GSC LOGISITCS, INC.,

                          Plaintiff,

-against-

AMAZON.COM SERVIES LLC, et al.,

                          Defendants.

23-CV-5368 (JGLC)

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

      The Court has reviewed the submissions at ECF Nos. 83 and 84 regarding two discovery disputes between the parties. The first dispute relates to Amazon's assertions of privilege with respect to certain documents. ECF No. 83. The second dispute relates to the testimony of Amazon's corporate representative from its November 22, 2024 Rule 30(b)(6) deposition. ECF No. 84. The Court rules as follows.

      Regarding the 30(b)(6) dispute, the Court denies Plaintiff GSC's motion. GSC contends that the 30(b)(6) witness Amazon previously put forward was not properly prepared and did not adequately answer certain questions regarding, *e.g.,* the On Time Delivery, Service Level Agreement (OTD-SLA). ECF No. 84 at 1–2. As a result, GSC seeks to depose an additional Amazon representative, Sean Trovato, as a remedy for Amazon's alleged failure to meet its obligations. *Id.* at 3. To be sure, with respect to sanctions, "producing an unprepared witness is tantamount to a failure to appear." *Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135, 151 (S.D.N.Y. 1997) (internal quotation marks and citation omitted); *Rocco v. New York State Court Officers Assoc.*, No. 23-CV-10973 (LJL), 2024 WL 5247686, at *1 (S.D.N.Y. Dec. 30, 2024) (same). But "[i]n order for the Court to impose sanctions, the inadequacies in a deponent's testimony must be egregious and not merely lacking in desired specificity in discrete

areas." *Bank of New York*, 171 F.R.D. at 151 (*quoting Zappia Middle East Constr. v. Abu Dhabi*, No. 94-CV-1942, 1995 WL 686715, at *8 (S.D.N.Y. Nov. 17, 1995)); *accord Kyoei Fire & Marine Ins. Co. v. M/V Mar. Antalya*, 248 F.R.D. 126, 152 (S.D.N.Y. 2007). GSC identifies two areas that it contends the 30(b)(6) witness was unprepared to answer. But these alleged failures are far from "egregious" and instead indicate merely a lack of desired specificity in discrete areas. As such, GSC's motion is denied. *See, e.g., Eid v. Koninklijke Luchtvaart Maatschappij N.V.*, 310 F.R.D. 226, 229 (S.D.N.Y. 2015) (denying motion for sanctions because movant failed to meet burden of establishing defendants' preparation of Rule 30(b)(6) witness was deficient).

With respect to the second dispute regarding Amazon's privilege assertions, the Court HEREBY ORDERS counsel to appear for a conference on **Thursday, January 16, 2025 at 4:00 PM**. The conference will be held remotely by Microsoft Teams. Counsel will receive Microsoft Teams log-in credentials at the email addresses listed on the docket. The public listen-only line may be accessed by dialing: 646-453-4442 | Access Code: 4075449#. In addition, by **January 10, 2025**, counsel for Plaintiff shall email the Court (copying counsel for Defendant) an excel version of Exhibit 2 to ECF No. 83. The Clerk of Court is respectfully directed to terminate ECF Nos. 84 and 80, the latter of which was addressed during the parties' conference on November 25, 2024 before the Court.

Dated: January 8, 2025
       New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

2