UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MATTHEW BRASH, solely in his capacity as
Receiver for GSC Logistics, Inc.,

                              Plaintiff,

              -against-

AMAZON.COM SERVICES LLC and
AMAZON LOGISTICS, INC.,

                              Defendants.

---

23-CV-5368 (JGLC)

**MEMORANDUM OPINION
AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

Pending before the Court are the Motion to Exclude the Expert Testimony of Lauren Pittelli (ECF Nos. 92, 93) by Plaintiff Matthew Brash[1] ("Plaintiff"), the Motion to Exclude the Expert Testimony of Penelope Register-Shaw (ECF No. 94) by Defendants Amazon.com Services LLC and Amazon Logistics, Inc. (collectively, "Defendants" or "Amazon"), and Plaintiff's Letter Motion to Seal (ECF No. 91). The Court has reviewed these motions. In the parties' motions under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), neither side contends that the other's expert is unqualified in their field. Instead, both sides accuse the opposing expert of reaching erroneous, unsupported and unreliable conclusions.

Under Federal Rule of Evidence 702, the trial court plays a gatekeeping role to ensure the reliability and relevance of expert testimony. *See Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999). However, "where a bench trial is in prospect, resolving *Daubert* questions at a pretrial stage is generally less efficient than simply hearing the evidence." *Town & Country Linen Corp. v. Ingenious Designs LLC*, No. 18-CV-5075 (LJL), 2022 WL 2757643, at *3

---

[1] GSC Logistics, Inc. ("GSC"), originally brought this action, *see* ECF No. 7, and filed the instant motions. On October 16, 2025, the Court substituted GSC for Matthew Brash, GSC's designated receiver in another action. *See* ECF No. 113. Accordingly, Matthew Brash, as receiver, is the plaintiff in this action at present.

(S.D.N.Y. July 14, 2022) (cleaned up) (quoting *Victoria's Secret Stores Brand Management, Inc. v. Sexy Hair Concepts, LLC*, No. 7-CV-5804 (GEL), 2009 WL 959775, at *6 n.3 (S.D.N.Y. Apr. 8, 2009)). As judges have recognized, "there is no need for the Court to gate-keep expert testimony from itself." *Matter of Manhattan by Sail, Inc.*, 436 F. Supp. 3d 803, 810 (S.D.N.Y. 2020) (cleaned up) (quoting *Joseph S. v. Hogan*, 6-CV-1042 (BMC), 2011 WL 2848330, at *2 (E.D.N.Y. July 15, 2011)). Generally, in a bench trial, "expert testimony should be admitted so that the Court could have the benefit of live testimony and cross-examination to determine how much weight, if any, to give to the expert's conclusions." *Hogan*, 2011 WL 2848330, at *2 (citations omitted).

This Court will take the same approach here. The parties will present testimony from both experts and cross-examine each other's experts. The parties may then renew their *Daubert* motions after each expert has testified. This process will allow the Court to determine, on a full record and based on Rule 702 and *Daubert*, how much weight to give each expert's conclusions. The Court will also determine which portions of the exhibits and testimony at issue should remain sealed at the Final Pretrial Conference. The Court, however, warns Defendants that conclusory statements about alleged harm and confidentiality are an insufficient basis to seal documents and testimony at issue in the trial.

Lastly, in Plaintiff's *Daubert* motion, it contends that Amazon's expert relied on a "P6 report" that Amazon generated with data that was never produced to Plaintiff. ECF No. 92-1 at 20. Plaintiff seeks exclusion of the portions of Amazon's expert's testimony relying on the P6 report. *Id.* Amazon counters that the data that serves the basis of this report belongs to GSC. ECF No. 100 at 22. To ensure that Plaintiff has the data Amazon is referring to, Amazon is directed to identify the specific Bates numbers in GSC's production that were used to create this report.

Because Amazon represents that this information was already in GSC's possession, the Court, at this time, finds no basis to exclude this portion of the expert's opinion on this ground. Any failure to produce is harmless. *See* Fed. R. Civ. P. 37(c)(1).

For these reasons, the parties' *Daubert* motions are denied without prejudice to renew after the Court hears full testimony, and Amazon is directed to produce the underlying data for the P6 report relied on by Amazon's expert. The Clerk of Court is directed to terminate ECF Nos. 91–94.

Dated:  January 21, 2026
        White Plains, New York

SO ORDERED.

JESSICA G. L. CLARKE
United States District Judge